John Emil GUNTHER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–87–515–CR, 13–87–517–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 26, 1989.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, John Emil Gunther, Jr., was convicted pursuant to a plea of guilty for the offense of failing to timely submit an invoice (pertaining to the intrastate shipment of redfish) to the Texas Parks and Wildlife Department. The court assessed punishment at 90 days' confinement in the Nueces County jail, probated for one year, and an $800 fine. On appeal, appellant presents two points of error by which he challenges the constitutionality of the statutes upon which his conviction is based. We reverse and remand for a new punishment hearing.

■ The State, in its brief, does not address the merits of appellant's points of error. Instead, the State simply asserts that appellant presents nothing for review because he failed to challenge the constitutionality of the statutes in the court below. In *Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim.App.1987), the Court of Criminal Appeals held that questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal. We will, therefore, review appellant's constitutional challenges.

The pertinent statute and rules applicable to this case are Tex. Parks and Wild. Code Ann. § 66.201(f) and (h) (Vernon Supp.1989) and 31 Tex.Admin.Code § 57.372(e) & (h) (Hart 1988) (Imported Redfish and Speckled Sea Trout). In Tex. Parks and Wild.Code Ann. § 66.201(f) (Ver-

non Supp.1989) the legislature specifically provides that:

Any person in this state receiving directly from another state or foreign country, importing, transporting, or selling dead redfish or speckled sea trout lawfully taken, caught, or raised shall obtain a license from the commission. The fee for such license is $50 per calendar year or part thereof or an amount set by the commission, whichever amount is more. *Such imported fish shall be tagged, packaged, and labeled as provided in this section and in accordance with the regulations of the commission, and must be accompanied by a copy of the bill of lading. The commission may provide prenumbered invoices to persons importing redfish* or speckled sea trout into this state from another state or foreign country and may charge a fee for the invoices in an amount determined by the commission that is reasonable to defray administrative costs incurred under this subsection. *The invoices shall be used to report shipments of redfish or speckled sea trout. A person who receives invoices under this subsection must account to the commission for all invoices received as required by rules adopted by the commission. A person commits an offense if the person fails or refuses to account for an invoice as required by commission rule. An offense under this subsection is a Class C misdemeanor.* (emphasis ours).[1]

Under Title 31 of the Texas Administrative Code, the Parks and Wildlife Commission articulated various invoice requirements. 31 Tex.Admin.Code § 57.372(e)(1) (Hart 1988) (Packaging Requirements). Specifically, the Commission adopted regulations which provide that an intrastate Texas finfish invoice shall accompany all shipments of Redfish "shipped from within the State to a destination within the State." *Id.* Additionally, the regulation requires that a licensee shall submit a copy of the invoice to the Texas Parks and Wildlife Department by the "10th day of the month

---

1. Appellant, by his brief, admits his conduct "was of the type proscribed by 66.201(f)."

following the month of ... shipping each intrastate shipment." 31 Tex.Admin.Code § 57.372(f) (Hart 1988) (Packaging Requirements).[2] The regulations then provide that the failure to comply with the above provision shall be a Class A misdemeanor, as provided in Texas Parks and Wildlife Code § 66.201(h). 31 Tex.Admin.Code § 57.376 (Hart 1988) (Penalty for violation).

Section 66.201(h) of the Parks and Wildlife Code provides that:

It shall be unlawful for any person to possess any imported redfish or speckled sea trout unless it is tagged, packaged, and labeled pursuant to this section. A violation of the above stated prohibition shall be a Class A misdemeanor. Any person possessing for final sale to the consumer redfish or speckled sea trout in violation of this Act shall be guilty of a Class B misdemeanor.

*See* Tex. Parks and Wild.Code Ann. § 66.201(h) (Vernon Supp.1989).

■ By its terms, the Class A misdemeanor designation in § 66.201(h) applies only to the *possession* of imported redfish not properly packaged; it *does not* apply to the mere offense of failing to submit an invoice. Therefore, it is apparent that there is a conflict between Tex. Parks and Wild.Code Ann. § 66.201(f) (Vernon Supp. 1989) and 31 Tex.Admin.Code § 57.376 (Hart 1988) (Penalty for violation). The statute specifically provides that a person who fails to account for an invoice as required by commission rule is guilty of a

Class C misdemeanor. The Commission rule, however, provides that failure to comply with invoice requirements is a Class A misdemeanor.[3]

In the instant case, neither the information nor the judgment specifies what class of punishment was assessed to appellant. It is apparent from the record, however, that appellant was not punished for violating a Class C misdemeanor.[4]

By his first point of error, appellant contends that the Texas Parks and Wildlife regulations are unconstitutional because they exceed the delegation of authority given to the Texas Parks and Wildlife Department by the Legislature. Specifically, appellant argues his "true complaint" is that the regulation which provides that failing to submit an invoice is a Class A misdemeanor is unconstitutional because the legislature provides that the penalty for failing to submit an invoice is a Class C misdemeanor. We agree that the regulation is infirm insofar as it provides a Class A penalty for the offense of failing to submit an invoice.

It is well established that the legislature may delegate rule making authority to other bodies when the legislature itself cannot practically perform the functions required. *Land v. State*, 581 S.W.2d 672, 673 (Tex. Crim.App.1979). The legislature, however, must establish the guidelines for the agency. *Id.* The agency may neither suspend a law enacted by the legislature, nor increase the sanctions provided in the statutory pro-

---

**2.** In the instant case, the record reflects that appellant was charged by two informations for violating § 57.372(f) as follows:

[Appellant] did then and there unlawfully fail to submit to the Texas Parks and Wildlife Department by August 10, 1987 [and September 10th, 1987] a copy of the Texas Finfish Import Invoice pertaining to the intrastate shipment of Redfish by [appellant] on the 18th day of July, 1987 [and August, 1987] to Corpus Christi Yacht Club of Corpus Christi, Texas, said [appellant] being the holder of a Texas Finfish Import License issued by the Texas Parks and Wildlife Department, and [appellant] then and there being a person selling for resale dead redfish which fish, were taken in a state or country other than Texas . . .

**3.** Our research has revealed that § 57.376 was adopted to be effective November 1, 1983. In

1983, the legislature did not provide that invoices must be used to report shipments of redfish, and it did not articulate that the failure to account for an invoice was an offense. In 1985, the legislature amended § 66.201 to require invoices and to make the failure to account for an invoice a Class C misdemeanor. Apparently, the Commission has failed to update their rules and regulations since the 1985 legislative amendments.

**4.** A Class C misdemeanor is a non-jailable offense. *See* Tex.Penal Code Ann. § 12.23 (Vernon 1974). Since appellant was sentenced to 90 days' confinement, probated, and a $800 fine, he was punished as either a Class A misdemeanor or a Class B misdemeanor. *See* Tex.Penal Code Ann. § 12.21 and § 12.22 (Vernon 1974).

visions. Tex. Const. art. I, § 28; *Land,* 581 S.W.2d at 673. Thus, "the agency may not make rules that impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions." *Land,* 581 S.W.2d at 673.

We find that title 31 § 57.376 of the Texas Administration Code, as adopted by the Texas Parks and Wildlife Commission and as applied in this case, is inconsistent with § 66.201(f) of the Texas Parks and Wildlife Code enacted by the Legislature. Insofar as the regulation requires that the failure to timely submit an invoice is a Class A misdemeanor, it is unconstitutional because the penalty exceeds that specifically set forth by the legislature. We, therefore, sustain appellant's first point of error.

Appellant, citing *Tuttle v. Wood,* 35 S.W. 2d 1061 (Tex.Civ.App.—San Antonio 1931, writ ref'd), contends, by his second point of error, that Tex. Parks and Wild.Code Ann. § 66.201 (Vernon Supp.1989) is unconstitutional because it delegates to an administrative agency the power to make a law prescribing a penalty.[5] Appellant's broad allegation that § 66.201 is unconstitutional is without merit.

Upon reading § 66.201(f) it is readily apparent that the legislature itself, not the Commission, mandates that the failure to account for an invoice is unlawful and a Class C misdemeanor. Therefore, it is clear that the legislature did not give the Commission authority to make a law prescribing a penalty. We overrule appellant's second point of error.

Since the trial court's assessment of punishment at 90 days, probated, and an $800 fine is unauthorized by law, it was void from its inception. *Ex parte Hernandez,* 698 S.W.2d 670, 671 (Tex.Crim.App.1985); *Ex parte Spaulding,* 687 S.W.2d 741, 743 (Tex.Crim.App.1985). This Court is without authority to reform appellant's sentence; therefore, the proper procedure is to remand for a new punishment hearing only. *Hernandez,* 698 S.W.2d at 671. Accordingly, appellant's sentences are vacated and the causes are remanded for a new punishment hearing only.

---

**5.** Appellant admits in his brief that he does not actually "believe" that the legislature delegated such power to the Commission. Appellant argues, however, that he "included this point of error because reasonable minds may differ."