Betty **BERRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–89–00385–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 11, 1991.

Charles Freeman, Houston, for appellant.

Rowena M. Young, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Appellant entered a plea of not guilty before the jury to the offense of theft of property valued at more than twenty but less than two hundred dollars. She was convicted, and the jury assessed punishment at ninety days' confinement in the Harris County Jail and a fine of $300.00. Upon the recommendation of the jury, the trial court probated appellant's jail term for six months. In eight points of error, appellant complains of the admission of certain evidence. We affirm.

On December 9, 1987, appellant entered a Kmart store in Houston. While appellant was in the store, Paul Papillion, a loss prevention manager for Kmart, observed appellant removing items from the racks in several departments and placing them in her purse. When appellant left the store without attempting to pay for any of the items, she was detained by Mr. Papillion in the store parking lot. Appellant returned to the Kmart security office with Mr. Papillion and ten items, consisting of dresses, lingerie and undergarments, were recovered from her purse. Mr. Papillion retained custody of the stolen items but returned the purse to appellant. The total value of the items taken from appellant's purse was $94.46.

Prior to the trial in this case, the court below held a hearing on appellant's motion to suppress the items recovered from her purse. Mr. Papillion brought the items to the hearing in a brown paper sack. In the course of the hearing, appellant's counsel marked the paper sack for identification as "Defense Exhibit No. 1" without marking the items contained therein. Appellant's counsel then offered both the sack and its contents into evidence for the limited purpose of the hearing.

After the hearing concluded, the prosecutor who had handled the motion to suppress approached the court reporter in her office and asked to examine the items contained in the paper sack marked as Defense Exhibit No. 1. Since the items in the sack were not individually marked as exhibits, the court reporter released the items to the prosecutor, who placed them in a file folder. The prosecutor examined the items and then returned the file folder and the items to the court reporter. At the end of the day, the court reporter placed the file folder containing the items and the paper sack marked as Defense Exhibit No. 1 on the chair in her office and locked the door of the office before leaving for the evening.

When the court reporter returned to her office the next morning, the brown paper sack marked as Defense Exhibit No. 1 was gone. The court reporter attempted to locate the paper sack but was unsuccessful. Only the court coordinator and the cleaning crew had access to the court reporter's locked office. Although the court below was unable to determine exactly what had happened to the paper sack, it was assumed that the sack was mistaken for garbage and thrown away by the cleaning crew.

In each of her eight points of error, appellant complains that the trial court erred in admitting State's Exhibit Nos. 1–10, the ten items of clothing brought to court by Mr. Papillion in the brown paper sack. The crux of appellant's complaint is that the items in the paper sack were tampered with by the state, and that a plastic hanger and a piece of another hanger were lost with the sack. Although appellant also contends that State's Exhibit Nos. 1–10 may not be the same ten items that were originally in the paper sack, her bare assertion is completely unsupported by the record in this case.

At the outset, we note that State's Exhibit No. 1 and State's Exhibit Nos. 2–10 were offered and admitted into evidence at two different times. Appellant's objections to the admission of State's Exhibit No. 1 and State's Exhibit Nos. 2–10 are not identical. Accordingly, we will first address appellant's objections to the admission of State's Exhibit No. 1 and then turn to the evidentiary issues regarding the admission of State's Exhibit Nos. 2–10.

At trial, the prosecutor began the state's case-in-chief by offering a dress marked as State's Exhibit No. 1 into evidence. At that time, appellant interjected the following objection:

> [T]his has been illegally tampered in violation of 28.23 of Code of Criminal Procedure. It has been illegally tampered with. That is not the same evidence that was inside Defense Exhibit No. 1 and I ask for the jury to be retired on questions—that's not the same.

The trial court overruled the foregoing objection but then heard argument from counsel regarding the matter outside the presence of the jury. In the course of this argument, appellant's counsel barraged the trial court with prolonged series of general objections based on the following constitutional, statutory and regulatory provisions:

U.S. Const. amend. I, IV, VI, XIV;

Tex. Const. art. I, §§ 3, 9, 10, 13, 15, 19;

Tex. Const. art. II, § 1;

Tex. Const. art. V, § 10

TEX.CODE CRIM.PROC.ANN. art. 1.03, 1.04, 1.05, 1.06, 1.27, 2.01, 2.03(b), 39.14;

TEX.PENAL CODE ANN. §§ 39.01(a)(1), 39.-02(a);

TEX.GOV'T CODE ANN. § 21.001(b);

TEX.CODE OF JUDICIAL CONDUCT, Canons 2(A), 3(A)(1), 3(A)(3), 3(A)(4), 3(A)(5); and

TEX.CODE OF PROFESSIONAL RESPONSIBILITY, DR 1–102(A)(5).

The trial court overruled appellant's objections and admitted State's Exhibit No. 1 into evidence.

■ Appellant's first objection to the admission of State's Exhibit No. 1 was that the item in question had been illegally tampered with in violation of article 28.23 of the Texas Code of Criminal Procedure. There is no article 28.23 in the Texas Code of Criminal Procedure. However, it is clear from appellant's brief that she was attempting to object under TEX.CODE CRIM. PROC.ANN. art. 38.23 (Vernon Supp.1991). Article 38.23, which is a codification of the exclusionary rule, provides in pertinent part that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." In this appeal, appellant does not contend that State's Exhibit No. 1 was *obtained* in violation of any state or federal law. Accordingly, appellant's eight points of error present nothing for review in regard to the trial court's ruling on this objection. *See, e.g., Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

■ As noted above, appellant's second complaint in the trial court regarding State's Exhibit No. 1 consisted of a prolonged soliloquy which recited approximately thirty distinct grounds of objection. Although appellant cited numerous constitutional and statutory provisions in support of these grounds of objection, we find that she failed to apprise the trial court of the precise nature of her complaint. It is fundamental that an error regarding the admission of evidence is not preserved for appellate review absent a timely objection identifying the evidence complained of and setting forth the specific grounds for the objection. *E.g., Cisneros v. State*, 692 S.W.2d 78, 82–82 (Tex.Crim.App.1985); *see* TEX.R.APP.P. 52(a). In this case, we hold that appellant's "shotgun" approach to objecting to the admission of State's Exhibit No. 1 failed to preserve any error for appellate review.

Appellant delivered her objections to State's Exhibit No. 1 in a running format which precluded the trial court from ruling on any of the individual grounds of objection. The majority of the objections were global in nature and consisted of little more than a citation to a constitutional or statu-

tory provision. In addition, many of the grounds of objection asserted by appellant were overly general or spurious in nature and had little or no bearing on the evidentiary issues facing the trial court. For example, TEX.GOV'T CODE ANN. § 21.001(b) (Vernon 1988), which was cited by appellant, provides only that "[a] court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done." Likewise, Tex. Const. art. I, § 13 pertains only to excessive bail or fines and cruel and unusual punishment, and Tex. Const. art. I, § 15 pertains only to the right of trial by jury. It is apparent from the record in this case that appellant's "shotgun" approach in the trial court served only to obfuscate the specific grounds for the ruling which she desired. Under these circumstances, we hold that appellant has failed to preserve any error regarding the admission of State's Exhibit No. 1, and that her voluminous objections in the trial court present nothing for our review.

■ Following the admission of State's Exhibit No. 1, the prosecutor proceeded to offer State's Exhibit Nos. 2–10 into evidence. These exhibits consisted of the remaining nine items of clothing originally brought to court in the paper sack. When State's Exhibit Nos. 2–10 were offered into evidence, appellant first objected to the admission of the exhibits on the grounds that they were "not relative" under TEX.R.CRIM. EVID. 402, 403. The trial court overruled this objection, and appellant proceeded to object as follows:

> To each one of these items of evidence, based upon the previous objection that we made out of the presence of the jury that there has been a violation of the Fourth, Sixth, and Fourteenth Amendment to the United States Constitution, Fourteen including both equal protection and due process.
>
> This has been a violation of Article 1, Sections 33(a)10, 13, 15, 19. I'm sorry. I'll repeat that. Article 1, Section 33(a), 9, 10, 13, 15 and 19 Texas Constitution, Article 2, Section 1 of the Texas Consti-

tution and Article 5 Section 10 of the Texas Constitution. There has also been a violation of Article 1.14, Section 5, 1.04, 1.05, 1.12, 1.25, 1.27, and 1.06 of the Texas Code of Criminal Procedure, 2.01 and 2.01(b) and 1.27 in which—through which we invoke the civil rules applying to the handling of evidence after it's been offered and admitted for any purpose and the fact that it must be kept and maintained in the custody and control of the court reporter not the Prose-. cutor.

> We further object that it's a violation of Article 39.14 of the Texas Code of Criminal Procedure in that there are missing items.
>
> We further object to it being a violation of all of the Article 36.13—38.04 of the Texas Code of Criminal Procedure in that the jury is supposed to be the judge of the facts and they will never have all the facts because of shenanigans.

At this point, the trial court sustained an objection from the prosecutor, but the barrage of objections continued:

> We further object that it's a violation of Article 35.22 of the Texas Code of Criminal Procedure because the jury cannot follow on the basis of those objections as well as previously styled objections that it be enunciated for the record, included but not limited to Article 38.23 Texas Code of Criminal Procedure and Article 18.16 of the Texas Code of Criminal Procedure and Rule 102 of the Texas Rules of Criminal Evidence. These items cannot be authenticated and it's unfair to present them to the jury. We object.

The trial court overruled appellant's objections, and State's Exhibit Nos. 2–10 were admitted into evidence.

In the excerpts from the record quoted above, appellant objected to the admission of State's Exhibit Nos. 2–10 by citing more than twenty-five constitutional and statutory provisions. The objections are overly general, and many of them are clearly inapposite to the evidentiary matters that were at issue in the trial court. Regardless of the intended purpose of this "shotgun" approach, we find that it wholly failed to

inform the trial court of the *specific* grounds for the ruling appellant desired. Accordingly, we hold that appellant has failed to preserve any error regarding the admission of State's Exhibit Nos. 2–10, and that her objections present nothing for review in this court.

As noted previously, appellant's eight points of error complain of the admission of State's Exhibit Nos. 1–10. For the reasons stated above, we have concluded that appellant has failed to preserve any error in connection with the admission of these exhibits. Although this result may appear to be harsh in nature, we believe that it is both necessary and appropriate under the circumstances presented by this case. The underlying purpose of TEX.R.APP.P. 52(a) is to insure that a trial court is given a legitimate opportunity to rule on a party's objection before the trial court's action is subjected to appellate review. In this case, appellant's "shotgun" approach deprived the trial court of that opportunity. A trial court cannot be forced to sift through dozens of general objections in an effort to determine which complaints, if any, have merit. To hold otherwise, would be to permit counsel to conceal valid objections in a sophistic fog and defeat the true purpose of Rule 52(a). Appellant's points of error one through eight are overruled.

The judgment of conviction is affirmed.