**Daylyne Michelle WILKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–01172–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 17, 1991.

Discretionary Review Refused
Feb. 25, 1992.

John B. Holmes, Jr., Harris County Dist. Atty., Linda West, Leslie Brock and Mike Anderson, Asst. Harris County Dist. Attys., for appellee.

Before TREVATHAN, O'CONNOR and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of murder, and the trial court assessed punishment at confinement for life. All nine points of error contend the trial court erroneously admitted the victim's examining trial testimony at trial. The victim survived the assault, but died before trial. The common contention is that appellant was denied the right to be in the same room with her counsel and with the complaining witness during the examining trial.

On June 12, 1988, appellant and Lisa McNeil abducted Matilda Edwards, whom appellant suspected of having an affair with McNeil's husband. They stabbed Edwards, poured gasoline on her, and burned her alive. Edwards died from the burns two months later. The indictment alleged that appellant caused the death of Edwards by burning her with fire.

An examining trial was held June 28, 1988 in the intensive care unit of Hermann Hospital. Appellant and McNeil were in the next room, three to five feet away, separated from Edwards, during the examining trial. The decision to separate Edwards from appellant was based on the recommendation of Edwards' doctor. On the day of the examining trial, Edwards was in critical condition, she was "devastated" by her burns, her doctor had "extreme concern" for the threat to her health from the examining trial, and he believed the proceeding could be held only if Edwards did not have "direct access" to her attackers because the stress of seeing them could send Edwards into life-threatening shock.

The State videotaped and simultaneously televised the examining trial into the room where appellant was located, three to five feet away, enabling her to see and hear the testimony as it occurred. Appellant's coun-

Douglas Pettit, Houston, for appellant.

sel did not object to this or request any alternate procedure.

Appellant's counsel stated at the examining trial that he did not waive appellant's right to confrontation, but also stated he chose not to question Edwards at that time. The prosecutor stated that she had no objection to appellant's attorney fully cross-examining Edwards. McNeil's attorney cross-examined Edwards covering 21 pages of the record. The judge told appellant's counsel that he would allow full cross-examination, unless the doctor felt it would threaten Edwards' health. The doctor made no such complaints during the examining trial. The judge also stated that counsel could converse with appellant in the next room whenever he wanted or do "whatever you might need to do." At trial, the judge denied appellant's motion to suppress the examining trial testimony.

Points of error one and two contend the trial court denied appellant's right to confrontation because she was not allowed to confront Edwards face-to-face at the examining trial. Points three and four contend that, because she had the right to be present in person, the trial judge denied appellant due process of law by excluding her from the examining trial. Point of error five contends that the trial judge involuntarily separated appellant from her attorney during the examining trial. Point of error six contends that the trial judge violated TEX.CODE CRIM.P.ANN. art. 16.08 (Vernon 1977), by allowing examining trial testimony outside appellant's presence. Point of error eight contends that the trial court violated TEX.CODE CRIM.P.ANN. art. 16.03 (Vernon 1977), by not warning appellant that she could testify, but could not be compelled to testify, and that her testimony could be used against her. Appellant did not testify at the examining trial.

The State contends these complaints were waived because appellant did not object on these grounds at the examining trial. The State contends appellant's objection at trial was untimely because it was then too late for the court to act to cure

appellant's complaints. We agree with the State.

■ In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating specific grounds for the desired ruling. TEX. R.APP.P. 52(a). In *Ex parte Crispen*, 777 S.W.2d 103, 105 (Tex.Crim.App.1989), the court wrote:

> [T]he contemporaneous objection rule ... is, generally, that "appellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court *at the time when such error could have been avoided or corrected by the trial court.*"

(Emphasis added.)

■ Appellant presented none of these objections during the examining trial, the time when any such errors could have been avoided. Her attorney's statement that he was not waiving his right to confrontation was not sufficient to preserve these complaints for review. The decision not to question Edwards at the examining trial would not have waived appellant's right to confront Edwards later, had she survived. Counsel never stated at the examining trial that appellant should be in the room with him or with Edwards; that he could not communicate adequately with appellant;[1] that appellant needed any warnings; that appellant desired to confront Edwards face-to-face; or that the trial judge was denying any right. Nor does appellant claim that cross-examination was improperly limited in time or in scope; that the State knew, but did not disclose, that Edwards would soon die; or that appellant mistakenly believed she would have another opportunity to confront Edwards. Consequently, nothing is presented for review.

Points of error one through six and eight are overruled.

In point of error seven, appellant contends that Edwards' testimony was not au-

---

1. Appellant's complaint under point of error five, that she was involuntarily separated from

her attorney, was not raised at trial, either.

thenticated as required by TEX.CODE CRIM. P.ANN. art. 16.09 (Vernon 1977), which provides:

> The testimony of each witness shall be reduced to writing by or under the direction of the magistrate, and shall then be read over to the witness, or he may read it over himself. Such corrections shall be made as the witness may direct; and he shall then sign the same by affixing thereto his name or a mark. All the testimony thus taken shall be certified to by the magistrate. In lieu of the above provision, a statement of facts authenticated by State and defense counsel and approved by the presiding magistrate may be used to preserve the testimony of witnesses.

Appellant's two-page motion to suppress made only the slightest mention of article 16.09. It stated only that Edwards' testimony "was also in violation of articles 16.08, 16.09 and 39.01 of Vernon's Ann. C.C.P." Appellant's brief does not direct us to any other place in the record where trial counsel mentioned article 16.09 or any particular one of its several separate requirements. We hold this error is waived because appellant failed to make a specific objection to improper authentication. TEX. R.APP.P. 52(a). This distinguishes this case from *Russell v. State*, 604 S.W.2d 914, 925 (Tex.Crim.App.1980), on which appellant relies.

Moreover, this contention has no merit. A statement of facts of the examining trial was authenticated by the State's counsel and was approved by the presiding magistrate. It was also videotaped and certified by the court reporter.

Appellant does not claim the record was not authentic, or that it was not authenticated by defense counsel.[2] Absent a dispute about authenticity, we decline to hold that defense counsel may unilaterally exclude examining trial testimony by simply refusing to authenticate a statement of facts. Article 16.09 could not have been intended to give either the State or the defendant a passive peremptory veto power to exclude admissible evidence.

Point of error seven is overruled.

Point of error nine contends that, by admitting Edwards' testimony, the trial judge violated TEX.CODE CRIM.P.ANN. art. 39.01 (Vernon 1977). Appellant asserts the testimony was not properly certified because article 39.01 requires certification that appellant was present during testimony, an argument we rejected above.

Point of error nine is overruled.

The judgment is affirmed.

---

**2.** When a dispute arose at trial, appellant's counsel stated that the examining trial record was the best evidence of what occurred at the examining trial.