**Ricky GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00561–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 4, 1991.

George Scharmen, San Antonio, for appellant.

Steven C. Hilbig, Al Tavera, Mary Green, Edward F. Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and GARCIA, JJ.

BUTTS, Justice.

This is an appeal from a conviction for possession of cocaine. After a plea of guilty, the trial court assessed punishment at ten years' imprisonment.

Donald Oldham, a City of San Antonio Park Ranger, was on duty driving a marked patrol car at approximately 11:30 p.m. on February 6, 1990. Approaching the intersection of Mission and Steves Roads, he saw a male and female, by two parked cars, arguing and pushing each other. Oldham activated his emergency lights, turned his car around, and headed toward the two individuals. The woman yelled at Oldham that the man had hit her. As Oldham attempted to stop him, the man jumped into one of the cars. A pursuit ensued, in which the man [appellant] drove through a traffic light and a stop sign, eventually stopping at his own house. Appellant surrendered to Oldham who handcuffed him, arrested him for evading arrest, and administered *Miranda*[1] warnings. Asked for identification, appellant told the officer his identification was in his back pocket. Looking in the pocket, Oldham found a plastic packet containing a white substance later determined to be cocaine.

Dispatched to the scene, San Antonio Police Officer Antonio Segovia, who recognized appellant, also read the *Miranda* warnings to him. Appellant admitted to Segovia the white substance found by Oldham was cocaine and further informed Segovia that he had marihuana in another pocket. Segovia then arrested appellant and transported him to the police station.

In a motion to suppress all evidence found on appellant at the time of his arrest, appellant maintained that

[t]he arrest and search of Defendant ... was effected without valid warrant or probable cause or reasonable suspicion in violation of the Fourth and Fourteenth Amendments to the United States Constitution and of Article I Section 9 of the Texas Constitution, Article 38.23 of the Texas Code of Criminal Procedure ...

The trial court denied the motion. Appellant contends on appeal that the trial court erred by not suppressing the fruits of the arrest and search because "Ranger Oldham was outside of his jurisdictional limits at all critical stages of the encounter with appellant". The State asserts that appellant failed to properly preserve error by not raising this contention in the trial court and further, that had error been preserved, Ranger Oldham was acting within his authority.

▆▆▆ We recognize that an objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990). On its face, appellant's motion limits itself to the issues of lack of reasonable suspicion or probable cause and the lack of a warrant to effect an arrest. At the pretrial hearing appellant stressed the invalidity of the initial stop. He argued that even though he had run a red light and a stop sign, he was evading an unlawful arrest. At no time did appellant argue that Ranger Oldham was outside his territorial jurisdiction and therefore without authority to arrest appellant. While this was not the theory advanced at trial giving the trial court the opportunity to rule on the question of the ranger's authority, *see Rezac*, 782 S.W.2d at 870–71, we will nevertheless address this contention.

It has been stated by the Court of Criminal Appeals that questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal. *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987). The same reasoning

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 116 L.Ed.2d 694 (1966).

applies in this case regarding the jurisdiction of the park ranger to effect the arrest.

■ Texas Park Board Trustees may employ municipal park and recreational patrolmen and security officers as special park police officers who must be licensed as peace officers in Texas. TEX.LOCAL GOV'T CODE ANN. § 306.040(a)(2) (Vernon 1988). The statute further provides:

> (c) A special park police officer appointed and commissioned by the board under this section may make arrests or perform any other service or duty that may be performed by a sheriff, constable, or *other peace officer in enforcing the laws of this state....* (emphasis added)

Oldham testified he was a licensed peace officer in Texas and employed as a park ranger by the city of San Antonio. The jurisdictional aspect of an arresting officer's authority to arrest can be found in either the common law or the applicable enabling statutes. *Angel v. State,* 740 S.W.2d 727, 732 (Tex.Crim.App.1987). *See* § 306.040(a)(2), *supra;* TEX.CODE CRIM. PROC.ANN. art. 2.12(14) (Vernon Supp. 1991). A peace officer has the authority to make a warrantless arrest for any offense committed in his presence or within his view. TEX.CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977). It follows then that a park ranger has the authority to make a warrantless arrest, subject to limitations by the Park Board Trustees. TEX.LOCAL GOV'T CODE ANN. § 306.-040(b) (the board shall determine the duties of its personnel).

■ The city of San Antonio mandates that its park rangers be commissioned as peace officers, San Antonio Code § 22–36, and they are designated peace officers of the city. *Id.* at § 22–37. The Code governs the functions and authority of the City's park rangers:

**Sec. 22–40. Park ranger functions.**

The park ranger functions shall be as follows:

(3) To assist the police department as needed and as requested.

(4) To carry out such law enforcement responsibilities as are commensurate with their status as commissioned peace officers.

**Sec. 22–41. Park ranger physical areas of responsibilities.**

During duty hours shall be confined to city parks, streets, roads and parking lots therein, recreation facilities operated by the department of parks and recreation located nonpark property, ... and such other areas as may be directed by the city manager.

**Sec. 22–42. Enforcement action.**

(a) Park ranger law enforcement action shall be limited to the areas set forth in this article, *except that this article shall not imply a limitation on the inherent law enforcement responsibility of a commissioned peace officer.* (emphasis added).

Although park rangers' law enforcement action may be limited to specific geographic areas, the Code does not limit the "inherent law enforcement responsibility" of a park ranger as a peace officer. *Compare Preston v. State,* 700 S.W.2d 227 (Tex.Crim. App.1985) (campus security officer was not authorized to arrest off campus where the Education Code provided that the officer had all powers of peace officers while on the property under the control and jurisdiction of the institution); *Perkins v. State,* 812 S.W.2d 326 (Tex.Crim.App.1991) (airport security officer has limited authority). Therefore, a City of San Antonio park ranger has the authority to make a warrantless arrest for offenses violating state law that occur within his presence, notwithstanding that the offense occurs outside the ranger's designated city park area of responsibility. In the present case Oldham gave pursuit from his patrol area after witnessing what appeared to be a breach of the peace. While in pursuit, he saw appellant run a stop sign and a red light, giving him probable cause to make a warrantless arrest for the offenses of failure to honor a stop sign, TEX.REV.CIV.STAT.ANN. art. 6701d § 91A(b) (Vernon 1977) and failure to honor a traffic-control device, *Id.* art. 6701d § 32(a). Further, appellant had no valid driver's license. *Id.* art. 6687b § 13 (Vernon Supp.1991). Oldham was acting within his authority when he arrested ap-

pellant for the offense of evading arrest. TEX.PENAL CODE ANN. § 38.04 (Vernon Supp.1991). The search incident to the arrest was valid.

The trial court properly denied the motion to suppress. The point of error is overruled. The judgment of the trial court is affirmed.