Webb-M v. State 









[WITHDRAWN]





IN THE
TENTH COURT OF APPEALS
 

No. 10-94-237-CR

     MICHAEL WEBB,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-20-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Michael Webb guilty of possession of a controlled substance, methamphetamine,
and assessed punishment of ten years' imprisonment, probated for ten years, and a $10,000 fine,
of which $8,000 was also probated. See Tex. Health & Safety Code Ann. §§ 481.102(6),
481.115(a) (Vernon 1992 & Supp. 1995). Officers seized the methamphetamine after arresting
him for violating a protective order. See Tex. Penal Code Ann. § 25.07 (Vernon 1994). By
two points of error, Webb challenges the court's ruling denying his motion to suppress. In his
first point, he argues that the court erred because the statute criminalizing violations of a protective
order is unconstitutionally vague. See id. In point two, he asserts that the court erred because the
officers did not have probable cause to believe that he had violated a protective order. We will
affirm the conviction.
      On July 9, 1993, Webb's former wife, Elaine White, reported that he had been harassing and
following her. Two Waco police officers, Christopher Smith and Amador Gonzalez, went to her
house to investigate. White provided the officers with a copy of a protective order, issued in
connection with her divorce from Webb, that prohibited him from communicating with her in a
"threatening or harassing manner" and from coming within 200 feet of her residence. While the
officers were discussing the incidents with White, they saw Webb drive up to a nearby
intersection, stop, turn away from White's house, and drive off. The officers pursued Webb and
arrested him for violating the protective order. See id.; Tex. Code Crim. Proc. Ann. art.
14.03(a)(3), (b) (Vernon Supp. 1995). During the search incident to this arrest, the officers
discovered a small plastic bag containing methamphetamine under the sweatband of his cap.
      Webb filed a motion to suppress the contraband seized during the search, alleging that the
seizure was without a warrant and in violation of the United States Constitution, the Texas
Constitution, and several articles of the Code of Criminal Procedure. At a hearing on the motion,
the State presented testimony from Smith, Gonzalez, and White. Both officers testified that they
saw Webb drive through the intersection near White's house and, in their opinion, he was within
200 feet of her residence. They also testified that White told them Webb had been harassing her
throughout that day, calling her at her mother's house, following her, and had been by her house
earlier. White testified that she had called the police "[b]ecause [Webb] was following [her], and
they would see him following [her] all the way to [her] house." 
      The State argued to the court that the officers had probable cause for the arrest because they
observed Webb come within 200 feet of White's house, thus violating the protective order in their
presence, and because White told them that he had been harassing her that day. See id. Webb's
attorney argued that:
Your Honor . . . the stop, arrest, seizure and search were illegal and unreasonable
and made in violation of the 4th and 14th Amendments to the Constitution of the United
States, and Article 1, Section 9 of the Texas Constitution of the State of Texas, and
Articles 1.01, 38.23, 14.01, 14.02, 14.03, 14.04, 14.05, 18.01, 18.02, 10.03, 18.04,
18.06, and 18.16 of the Texas Code of Criminal Procedure.
Your Honor, it also violates statutory and case law of the State of Texas and the
United States of America. Your Honor, the police officers had absolutely no probable
cause to stop the vehicle. No offense has occurred in the presence of police officers. 
Neither police officer could testify the distance that that vehicle was away from the home. 
Your Honor, . . . we have absolutely no evidence before the court [of] the distance that
that vehicle was from the home. . . . 
. . . 
. . . Your Honor, if the officers had any type of [probable] cause to stop the defendant,
they absolutely had no probable cause to search the defendant for any type of contraband. 
If they were going to place him under arrest, they had a right to pat him down and search
for weapons. They had absolutely no right to search for any type of contraband, you
Honor, without a search warrant or probable cause.
The court denied Webb's motion to suppress at the conclusion of the hearing.
      In point one, Webb claims that section 25.07 is unconstitutionally vague because the phrases
"threatening or harassing manner" and "to or near" do not give a person of ordinary intelligence
fair notice of the prohibited conduct. See Tex. Penal Code Ann. § 25.07(a)(2), (a)(3); Adley
v. State, 718 S.W.2d 682, 685 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 815, 107 S.Ct.
68, 93 L.Ed.2d 26 (1986). 
      Although the State has not raised the issue, we find that the complaint is not properly before
us. We make this determination on our own because of the "systemic" requirements of Rule 52(a)
of the rules governing appellate procedure. See Tex. R. App. P. 52(a); Hughes v. State, 878
S.W.2d 142, 151 (Tex. Crim. App. 1993) (on rehearing). The option of excluding evidence is
a "catagory three" right, which is implemented only upon request. See Marin v. State, 851
S.W.2d 275, 278-79 (Tex. Crim. App. 1993); Campbell v. State, No. 10-94-019-CR, slip op. at
2 (Tex. App.—Waco, March 15, 1995, no pet. h.) (Thomas, C.J., concurring). Thus, Rule 52(a)
and the rules of procedural default apply to this complaint. See Marin, 851 S.W.2d at 280.
      To preserve "catagory three" complaints for appellate review, the aggrieved party must have
presented to the court a timely objection "stating the specific grounds for the ruling he desired the
court to make if the specific grounds were not apparent from the context." See Tex. R. App. P.
52(a); also Tex. R. Crim. Evid. 103(a)(1). "As regards specificity, all a party has to do to avoid
the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks
himself entitled to it, and to do so clearly enough for the judge to understand him at a time when
the trial court is in a proper position to do something about it." Lankston v. State, 827 S.W.2d
907, 909 (Tex. Crim. App. 1992). However, an objection on one legal theory will not support
a point of error on a different theory. Cook v. State, 858 S.W.2d 467, 474 (Tex. Crim. App.
1993). Additionally, "shotgun" objections, citing many grounds for the objection without
argument, will not preserve points based on authority which is merely mentioned in the trial court. 
See Wilkins v. State, 818 S.W.2d 844, 846-47 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd);
Berry v. State, 813 S.W.2d 636, 638-39 (Tex. App.—Houston [14th Dist.] 1991), pet. ref'd per
curiam, 821 S.W.2d 616 (Tex. Crim. App. 1991). 
      After searching the record, we do not find where Webb challenged the statute as
unconstitutionally vague before the trial court. Neither has he pointed out in his brief where he
raised this theory during the suppression hearing. Thus, his first point presents nothing for
review. See Cook, 858 S.W.2d at 474. Point one is overruled.
      In point two, Webb claims that the court erred in finding probable cause to arrest him because
the police officers were not certain how far he was from White's house and because White's
statements to the police were not sufficiently corroborated. The trial court is the judge of the
credibility and weight of the testimony at a suppression hearing. Banda v. State, No. 69,827, slip
op. at 9, 1994 WL 695876, *5 (Tex. Crim. App. December 14, 1994). Thus, we do not engage
in a factual determination ourselves; rather, we determine if the court's implied findings are
supported by the record. See id.; Johnson v. State, 803 S.W.2d 272, 287 (Tex. Crim. App.
1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). If those findings
are supported by the record, we consider only if the court erred in applying the law to the facts. 
See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 
      The officers were required to arrest Webb if they had probable cause to believe that a
violation of section 25.07 had been committed in their presence. See Tex. Code Crim. Proc.
Ann. art. 14.03(b); Tex. Penal Code Ann. § 25.07. All three witnesses at the hearing indicated
that the intersection Webb drove through was within 200 feet of the residence: Gonzalez testified
that he was "sure" the intersection was within 200 feet; Smith stated, "I believe it was within" 200
feet; White testified that the intersection was "half the length of a football field" from her house. 
Thus, the court was justified in finding that the officers had sufficient information to warrant a
belief on their part that Webb committed an offense in their presence, i.e., in finding that the
officers had probable cause to arrest Webb. See id.; Adkins v. State, 764 S.W.2d 782, 785 (Tex.
Crim. App. 1988). 
      Based on the evidence, the court could have reasonably found that the officers had probable
cause to arrest Webb because he had come within 200 feet of White's house. See id. Thus, we
need not determine whether White's statements were sufficient to provide probable cause for
Webb's arrest. See Banda, No. 69,827, slip op. at 11 n.6, 1994 WL 695876 at *6 n.6. Point two
is overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 19, 1995
Do not publish
[WITHDRAWN BY ORDER 5-31-95]