**Michael WEBB, Appellant(s),**

v.

**The STATE of Texas, Appellee(s).**

No. 10–94–237–CR.

Court of Appeals of Texas, Waco.

May 31, 1995.

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, Criminal Dist. Atty., Susan N. Kelly and Bill Hagen, Asst. Dist. Attys., Waco, for appellee.

## OPINION

THOMAS, Chief Justice.

A jury found Michael Webb guilty of possession of a controlled substance, methamphetamine, and assessed punishment of ten years' imprisonment, probated for ten years, and a $10,000 fine, of which $8,000 was also probated. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a) (Vernon 1992 & Supp.1995). Officers seized the methamphetamine after arresting him for violating a protective order. *See* TEX.PENAL CODE ANN. § 25.07 (Vernon 1994). By two points of error, Webb challenges the court's ruling denying his motion to suppress. In his first point, he argues that the court erred because the statute criminalizing violations of a protective order is unconstitutionally vague. *See id.* In point two, he asserts that the court erred because the officers did not have probable cause to believe that he had violated a protective order. We will affirm the conviction.

On July 9, 1993, Webb's former wife, Elaine White, reported that he had been harassing and following her. Two Waco police officers, Christopher Smith and Amador Gonzalez, went to her house to investigate. White provided the officers with a copy of a protective order, issued in connection with her divorce from Webb, that prohibited him from communicating with her in a "threatening or harassing manner" and from coming within 200 feet of her residence. While the officers were discussing the incidents with White, they saw Webb drive up to a nearby intersection, stop, turn away from White's house, and drive off. The officers pursued Webb and arrested him for violating the protective order. *See id.;* TEX.CODE CRIM. PROC.ANN. art. 14.03(a)(3), (b) (Vernon Supp. 1995). During the search incident to this arrest, the officers discovered a small plastic bag containing methamphetamine under the sweatband of his cap.

Webb filed a motion to suppress the contraband seized during the search, alleging that the seizure was without a warrant and in violation of the United States Constitution, the Texas Constitution, and several articles of the Code of Criminal Procedure. At a

hearing on the motion, the State presented testimony from Smith, Gonzalez, and White. Both officers testified that they saw Webb drive through the intersection near White's house and, in their opinion, he was within 200 feet of her residence. They also testified that White told them Webb had been harassing her throughout that day, calling her at her mother's house, following her, and had been by her house earlier. White testified that she had called the police "[b]ecause [Webb] was following [her], and they would see him following [her] all the way to [her] house."

The State argued to the court that the officers had probable cause for the arrest because they observed Webb come within 200 feet of White's house, thus violating the protective order in their presence, and because White told them that he had been harassing her that day. *See id.* Webb's attorney argued that:

> Your Honor ... the stop, arrest, seizure and search were illegal and unreasonable and made in violation of the 4th and 14th Amendments to the Constitution of the United States, and Article 1, Section 9 of the Texas Constitution of the State of Texas, and Articles 1.01, 38.23, 14.01, 14.02, 14.03, 14.04, 14.05, 18.01, 18.02, 10.03, 18.04, 18.06, and 18.16 of the Texas Code of Criminal Procedure.

> Your Honor, it also violates statutory and case law of the State of Texas and the United States of America. Your Honor, the police officers had absolutely no probable cause to stop the vehicle. No offense has occurred in the presence of police officers. Neither police officer could testify the distance that that vehicle was away from the home. Your Honor, ... we have absolutely no evidence before the court [of] the distance that that vehicle was from the home....

> . . . . .

> ... Your Honor, if the officers had any type of [probable] cause to stop the defendant, they absolutely had no probable cause to search the defendant for any type of contraband. If they were going to place him under arrest, they had a right to pat him down and search for weapons. They

had absolutely no right to search for any type of contraband, you Honor, without a search warrant or probable cause.

The court denied Webb's motion to suppress at the conclusion of the hearing.

■ In point one, Webb claims that section 25.07 is unconstitutionally vague because the phrases "threatening or harassing manner" and "to or near" do not give a person of ordinary intelligence fair notice of the prohibited conduct. *See* TEX.PENAL CODE ANN. § 25.07(a)(2), (a)(3); *Adley v. State,* 718 S.W.2d 682, 685 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 815, 107 S.Ct. 68, 93 L.Ed.2d 26 (1986).

■ Although the State has not raised the issue, we find that the complaint is not properly before us. We make this determination on our own because of the "systemic" requirements of Rule 52(a) of the rules governing appellate procedure. *See* TEX.R.APP.P. 52(a); *Hughes v. State,* 878 S.W.2d 142, 151 (Tex.Crim.App.1993) (on rehearing). The option of excluding evidence is a "category three" right, which is implemented only upon request. *See Marin v. State,* 851 S.W.2d 275, 278–79 (Tex.Crim.App.1993); *Campbell v. State,* 900 S.W.2d 763, —— (Tex.App.— Waco 1995, no pet.) (Thomas, C.J., concurring). Thus, Rule 52(a) and the rules of procedural default apply to this complaint. *See Marin,* 851 S.W.2d at 280.

■ To preserve "category three" complaints for appellate review, the aggrieved party must have presented to the court a timely objection "stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context." *See* TEX.R.APP.P. 52(a); *see also* TEX.R.CRIM.EVID. 103(a)(1). "As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim.App.1992). However, an objection on one legal theory will not support a point of

error on a different theory. *Cook v. State*, 858 S.W.2d 467, 474 (Tex.Crim.App.1993). Additionally, "shotgun" objections, citing many grounds for the objection without argument, will not preserve points based on authority which is merely mentioned in the trial court. *See Wilkins v. State*, 818 S.W.2d 844, 846–47 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd); *Berry v. State*, 813 S.W.2d 636, 638–39 (Tex.App.—Houston [14th Dist.] 1991), *pet. ref'd per curiam*, 821 S.W.2d 616 (Tex.Crim.App.1991).

We recognize that "[q]uestions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal." *See Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987). However, Webb's attack is not on the "statute upon which [his] conviction is based." *See id.* Rather, he complains that the trial court erred in failing to suppress evidence because the search of his person and seizure of the evidence were based on a statute that he alleges is unconstitutional. In our view, the *Rabb* rule is properly applied in instances where the questioned statute affects the jurisdiction of the court to render a judgment against the defendant, *i.e.*, when the statute affects "the power of the court over the 'subject matter' of the case ... coupled with 'personal' jurisdiction over the accused." *See Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim.App. [Panel Op.] 1981); *see also Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim. App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994) (citing *Fairfield*). If the challenge is valid, the judgment is void because an unconstitutional statute cannot confer authority upon the court to act. *See Reyes v. State*, 753 S.W.2d 382, 383 (Tex.Crim.App.1988). Thus, the *Rabb* rule is a corollary of the rule that jurisdiction of the

court is a "category one" right that cannot be waived and may be questioned at any time. *See Marin,* 851 S.W.2d at 279.

Therefore, because a statute criminalizing the defendant's conduct is necessary to the jurisdiction of the convicting court, the *Rabb* rule is properly applied when the defendant challenges the constitutionality of the specific statute he is charged with violating.[1] *See* TEX. CONST. art. V, § 12(b); TEX.PENAL CODE ANN. § 1.03(a) (Vernon 1994). Likewise, the constitutionality of the statute providing the authority of the tribunal before which the defendant appeared is properly challenged for the first time on appeal because the tribunal's subject-matter jurisdiction is dependent on a statute.[2] *See Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex. Crim.App. [Panel Op.] 1980). Because an indictment is necessary to the court's exercise of personal jurisdiction, the constitutionality of a statute governing the practice and procedures relating to the indictment may be raised for the first time on appeal.[3] *See* TEX. CONST. art. V, § 12(b); *Garcia,* 596 S.W.2d at 527. Finally, because the court does not have jurisdiction to impose a punishment not authorized by statute, the constitutionality of the statute defining the punishment a defendant suffers as a result of a conviction may be challenged for the first time on appeal.[4] *See Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App.1991); *id.* at 339 (on rehearing); *see also Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim.App.1993).

However, a statute providing for the arrest of an individual does not go to the "judicial power" of the trial court to enter and enforce a judgment. *See Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Crim.App.1984). Nor does the admission of evidence obtained as a result of an arrest under an alleged

---

1. *See, e.g., Skillern v. State,* 890 S.W.2d 849, 860 (Tex.App.—Austin 1994, no pet h.); *Milligan v. State,* 859 S.W.2d 117, 118 n. 1 (Tex.App.— Eastland 1993, pet. ref'd); *Morris v. State,* 786 S.W.2d 451, 453 (Tex.App.—Dallas 1990, pet. ref'd); *Smith v. State,* 772 S.W.2d 946, 948–49 (Tex.App.—Dallas 1989, pet. ref'd); *Gunther v. State,* 764 S.W.2d 903, 904 (Tex.App.—Corpus Christi 1989, no pet.).

2. *See, e.g., Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987).

3. *See, e.g., Cuesta v. State,* 763 S.W.2d 547, 549 (Tex.App.—Amarillo 1988, no pet.).

4. *See, e.g., Garza Garza v. State,* 788 S.W.2d 651, 656 n. 1 (Tex.App.—Corpus Christi 1990, no pet.); *McLean v. State,* 787 S.W.2d 196, 198 (Tex.App.—Corpus Christi 1990, pet. ref'd).

unconstitutional statute. *See id.; see also Lyon,* 872 S.W.2d at 735. Thus, an objection is necessary to implement the defendant's right to exclude evidence, even evidence seized in violation of the constitution. *See Marin,* 851 S.W.2d at 278; *Gibson v. State,* 516 S.W.2d 406, 409 (Tex.Crim.App.1974). Therefore, we do not believe that the *Rabb* rule should be applied to allow Webb to raise the constitutionality of the statute under which he was arrested without first presenting the argument to the trial court. *See id.; but see Garza v. State,* 822 S.W.2d 174, 175–76 (Tex.App.—San Antonio 1991, no pet.) (applying *Rabb* to allow the defendant to challenge the authority of a "park ranger" commissioned by the Park Board Trustees to effect an arrest outside of the ranger's designated city park area of responsibility for the first time on appeal).

After searching the record, we do not find where Webb challenged the admission of the evidence seized during his arrest on the theory that the statute was unconstitutionally vague before the trial court. Neither has he pointed out in his brief where he raised this theory during the suppression hearing. Thus, his first point presents nothing for review. *See Cook,* 858 S.W.2d at 474; *Little v. State,* 758 S.W.2d 551, 564 (Tex.Crim. App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). Point one is overruled.

In point two, Webb claims that the court erred in finding probable cause to arrest him because the police officers were not certain how far he was from White's house and because White's statements to the police were not sufficiently corroborated. The trial court is the judge of the credibility and weight of the testimony at a suppression hearing. *Banda v. State,* 890 S.W.2d 42, 51–52 (Tex.Crim.App.1994). Thus, we do not engage in a factual determination ourselves; rather, we determine if the court's implied findings are supported by the record. *See id.; Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). If those findings are supported by the record, we consider only if the court erred in applying the law to the facts. *See*

*Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

The officers were *required* to arrest Webb if they had probable cause to believe that a violation of section 25.07 had been committed in their presence. *See* TEX.CODE CRIM.PROC.ANN. art. 14.03(b); TEX.PENAL CODE ANN. § 25.07. All three witnesses at the hearing indicated that the intersection Webb drove through was within 200 feet of the residence: Gonzalez testified that he was "sure" the intersection was within 200 feet; Smith stated, "I believe it was within" 200 feet; White testified that the intersection was "half the length of a football field" from her house. Thus, the court was justified in finding that each officer had sufficient information to warrant a belief on his part that Webb had committed an offense in their presence, *i.e.,* in finding that the officers had probable cause to arrest Webb. *See id.; Adkins v. State,* 764 S.W.2d 782, 785 (Tex. Crim.App.1988).

Based on the evidence, the court could have reasonably found that the officers had probable cause to arrest Webb because he had come within 200 feet of White's house. *See id.* Thus, we need not determine whether White's statements were sufficient to provide probable cause for Webb's arrest. *See Banda,* 890 S.W.2d at 53 n. 6. Point two is overruled.

The judgment is affirmed.