NO. 07-05-0137-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 26, 2006
_____

LAYFETTE JUNIOR ROBINSON, III a/k/a LAYFETTE ROBINSON, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406,339; HON. CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

In one issue, appellant Layfette Junior Robinson, III, a/k/a Layfette Robinson, Jr., appeals his conviction for aggravated sexual assault. In that issue, he argues that the trial court erred in denying the admission of evidence that the child victim had masturbated. We affirm the judgment of the trial court.

To preserve a complaint for appellate review, a party must object and obtain an adverse ruling from the trial court. *Moff v. State,* 131 S.W.3d 485, 489 (Tex. Crim. App.

2004); *Lusk v. State,* 82 S.W.3d 57, 60 (Tex. App.–Amarillo 2002, pet. ref'd). In this case, the trial court did not deny admission of the evidence in question. Rather, it specifically ruled it would admit same but also allow the State to present rebuttal evidence of an extraneous act by appellant committed on the victim.[1] Though appellant now argues that admission of the evidence could not be so conditioned, he uttered no objection below. Having failed to object to the trial court's decision, appellant did not preserve his complaint for review. TEX. R. APP. P. 33.1(a) (requiring that a complaint be made to the trial court by a timely request, objection, or motion that states the grounds for the ruling that the complaining party sought with sufficient specificity to make the trial court aware of the complaint). So too did he waive it by failing to present the grounds underlying his current argument to the trial court. *See Webb v. State,* 899 S.W.2d 814, 817-18 (Tex. App.–Waco 1995, pet. ref'd) (holding that the grounds underlying the complaint on appeal must also be raised at trial, otherwise they are waived).

Accordingly, we overrule the issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

---

[1]The court had previously refused to allow the State to present such evidence.