NO. 07-10-0176-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 16, 2010

_____

JOYCE MARIE ACEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,869-D; HONORABLE DON EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Joyce Marie Acey, pled guilty in open court to the offense of unauthorized use of a motor vehicle[1] and was sentenced to 12 months confinement.  In

---

[1]*See* Tex. Penal Code Ann. § 31.07 (West 2003).  An offense under this section is a state jail felony punishable by confinement in a state jail for any term of not more than two years or less than 180 days. *Id.* at § 12.35(a) (West ___).

presenting her appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a *pro se* response if she desired to do so, and (3) informing her of her right to file a *pro se* petition for discretionary review. *In re Schulman,* 252 S.W.3d at 408.[3] Appellant's *pro se* response does not raise any legal issues but reasserts her plea made to the trial court at the punishment hearing and asks for community supervision.[4] The State has not filed any response.

---

[2]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal,* counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4. *See In re Schulman*, 252 S.W.2d at 408 n.22 & 411 n.35.

[4]We are without authority to reform Appellant's sentence to community supervision. *Ex parte Hernandez*, 698 S.W.2d 670, 670 (Tex.Crim.App. 1985) (citing *Ocker v. State*, 477 S.W.2d 288, 290 (Tex.Crim.App. 1972)); *Gunther v. State,* 764 S.W.2d 903, 906 (Tex.App.--Corpus Christi 1989, no pet.). *See* Tex. R. App. P. 21.9.

We have reviewed counsel's arguments and we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro* se response, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.