Opinion issued July 12, 2007

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00621-CR






TOMARIS DONTRELLE JOHNSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1036358






O P I N I O N

 A jury convicted appellant, Tomaris Dontrelle Johnson, of aggravated robbery,
and the trial court assessed punishment at 10 years' confinement. In two related
points of error, appellant contends the trial court erred in denying his motion to
suppress because he was illegally arrested; thus his subsequent written statement was 
"fruit of the poisonous tree." We affirm.

BACKGROUND

 On August 5, 2005, Doreen Cunningham was robbed at gunpoint after cashing
her paycheck at a local bank. Cunningham and a bystander, Anselmo Ramirez,
followed appellant and his companion, Michael Cook, as Cook drove to a nearby
apartment complex. Ramirez stopped and told two Houston Police officers what he
had seen and directed them to the apartment complex where he had seen Cook park
the car in which appellant had fled the scene of the robbery.

 The officers drove to the apartment complex, where they saw two men
matching the description of appellant and Cook. The police put appellant and Cook
in the back of the patrol car and drove them back to the bank, where Cunningham was
waiting. Cunningham identified appellant as the man who had robbed her, although
he was no longer wearing the same shirt he had worn during the robbery. The
officers searched the area where appellant had been seen walking and recovered a
pistol, Cunningham's purse, and appellant's shirt. 

 Appellant was arrested and taken to jail, where he gave a written statement
implicating himself in the robbery, but denying that Cook knew anything about it.


MOTION TO SUPPRESS

 In two points of error, appellant contends that the trial court erred in denying
his motion to suppress his written statement. Specifically, appellant contends that he
was illegally arrested and that his statement was the product of his illegal arrest. The
State responds that appellant has waived this point of error by failing to object on this
basis in the trial court. We agree.

 To preserve an issue for appeal, a party must timely object, stating the specific
legal basis. Tex. R. App. P. 33.1(a)(1); Rhoades v. State, 934 S.W.2d 113, 121, 127
(Tex. Crim. App. 1996). An objection stating one legal theory may not be used to
support a different legal theory on appeal. Medina v. State, 7 S.W.3d 633, 643 (Tex.
Crim. App. 1999); Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993). 
The issue raised on appeal should comport with the objection made at trial, and the
trial judge should have an opportunity to rule on the issue, otherwise nothing is
presented for appellate review. Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim.
App. 1990), overruled on other grounds, Heitman v. State, 815 S.W.2d 681, 690 (Tex.
Crim. App. 1991).

 In this case, appellant filed a generic motion to suppress, which alleged:

 Defendant was arrested without a legal warrant and without probable
cause in the incident made the basis of this action, or in the alternative,
he was arrested with a warrant that was insufficient as to probable cause
under the United Staet Constitution and the Constitution and law of the
State of Texas. Defendant's person, and property were searched without
his consent, and without a warrant containing sufficient probable cause
under the United States Constitution and Constitution of the State of
Texas.


 Defendant was unlawfully arrested and detained and such detention
directly led to the seizure of material evidence, to wit: ANY
STATEMENT OF THE DEFENDANT AND ANY ITEMS SEIZED
FROM HIS PERSON HOME OR VEHICLE.


 Defendant would further show that admission of such evidence is barred
by the 4th, 5th, and 14th amendments of the U.S. Constitution, art. I sec.
9 Texas Constitution, Art 14 ET Sec. CCP. Defendant would further
show that any statement he made while in custody was involuntarily
made and made in violation of 38.22 and 38.23 CCP.


 The issue, thus, is whether the above-referenced motion was sufficient to
preserve the error complained of on appeal. "Shotgun" objections, which cite many
grounds for the objection without argument and serve only to obscure the specific
grounds of the objection, do not preserve a complaint for appellate review. Webb v.
State, 899 S.W.2d 814, 818 (Tex. App.--Waco 1995, pet. ref'd); Berry v. State, 813
S.W.2d 636, 639 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd).

 Appellant's motion to suppress alleges both that the arrest was with a warrant
and without a warrant. It alleges that evidence and statements seized from him should
be suppressed, even though the record shows that no evidence was, in fact, seized
from appellant. The motion alleges that the admission appellant's statement was
involuntary and made while he was in custody. In short, the motion alleges every
possible way for suppressing all the evidence in the case. It does not, however, bring
to the trial court's attention the issue raised on appeal, i.e., that appellant was illegally
arrested. As such, we hold that appellant's generic motion to suppress did not
adequately preserve the error raised on appeal.

 Thus, we turn to the suppression hearing to determine whether appellant
preserved error. At the suppression hearing, appellant and the State stipulated that
appellant was arrested without a warrant. Had appellant objected to the admission of
his statement based on the illegality of his arrest, such a stipulation would have
shifted the burden to the State to prove the reasonableness of the search and seizure
by a preponderance of the evidence. See Russell v. State, 717 S.W.2d 7, 9-10 (Tex.
Crim. App. 1986) (op. on reh'g). 

 However, appellant never objected to the admission of his statement based on
the illegality of his arrest. Instead, appellant objected to the admission of his
statement only on the issue of voluntariness. In fact, at the beginning of the hearing,
the following exchange took place:

 [The Court]: Are you all ready to do a Jackson-Denno hearing?

 [Defendant]: We are ready.

 A Jackson-Denno hearing is held to determine the voluntariness of a
defendant's statements during custodial interrogation. See Jackson v. Denno, 378
U.S. 368, 84 S. Ct. 1774 (1964). The only issue addressed by the parties at the
hearing on the motion to suppress was whether appellant's statement, which was
made while he was in custody, was voluntary, and whether the interrogating officer
had complied with article 38.22 of the Texas Code of Criminal Procedure. Appellant
never claimed that he had been illegally arrested. At the conclusion of the hearing,
the trial court ruled, "Motion to Suppress the statement is denied. I find that the
statement was freely and voluntarily given, that 38.22 and 38.23 were complied with,
and therefore, it's admissible before the jury." Appellant never argued that his
confession was the product of an illegal arrest. Furthermore, when the statement was
offered at trial, appellant did not object that it was the product of an illegal arrest, but
stated, "Your Honor, we'd reurge our previous motions regarding this evidence."

 In Stanley v. State, 866 S.W.2d 306, 309 (Tex. App.--Houston [14th Dist.]
1993, no pet.), the defendant argued on appeal that he was illegally arrested and that
his confession was the fruit of such illegal arrest. However, the court of appeals
noted that, at trial, the defendant had objected only to the voluntariness of his
confession and to the finding that he had knowingly waived his Miranda rights. Id. 
The court also noted that when the defendant's confession was introduced into
evidence, he did not object on illegal arrest grounds. Id. Accordingly, the court
concluded that appellant had not preserved error on his illegal arrest complaint. Id.

 Similarly, we conclude that appellant has waived his complaint about the
legality of his arrest by failing to raise the issue at trial, and his points of error on
appeal does not comport with his objection at trial.

 Accordingly, we overrule points of error one and two.

 We affirm the judgment.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Publish. Tex. R. App. P. 47.2(b).