Opinion issued July 2, 2009













 In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00859-CR
____________

JIMMY JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1129117




MEMORANDUM OPINION

          A jury convicted appellant, Jimmy Jackson, of the offense of possession with
intent to deliver more than 400 grams of a controlled substance (hydrocodone), and,
after having found true two enhancement paragraphs alleging prior felony convictions
for burglary of a motor vehicle and aggravated robbery, the trial court assessed his
punishment at 35 years in prison. See Tex. Health & Safety Code Ann.
§§ 481.102(3)(A), 481.112(a) (Vernon 2003); Tex. Penal Code Ann. §§ 12.41(1),
12.42(d) (Vernon 2003 & Supp. 2008). We determine (1) whether appellant waived
his sole challenge to the denial of his motion to suppress evidence by not having
raised it below and (2) whether a recitation in the judgment that the offense is a first-degree felony is erroneous. Answering both questions in the affirmative, we modify
the judgment to correct the noted recitation and affirm the judgment as so modified.
Background
          While conducting surveillance in an unmarked police vehicle, Houston Police
Department Officer Jones observed that (1) appellant’s van was parked in the parking
lot of a physician’s office; (2) several men exited the van and entered the office; (3)
the same men soon exited the office and reentered the van; (4) appellant drove the
men to a pharmacy; (5) the same men exited the van and entered the pharmacy; (6)
the same men soon exited the pharmacy, each carrying a white bag that Officer Jones
recognized as the type commonly used to carry prescription drugs; (7) the men
reentered appellant’s van; and (8) appellant drove the men to a gas station, where the
men, none of whom was carrying his pharmacy bag anymore, exited and went their
separate ways.
 
          Officer Jones followed appellant until he observed him failing to maintain a
single lane as he made a right turn, at which point Officer Jones had a uniformed
officer pull appellant over. Officer Jones then arrived and requested consent to
search appellant’s vehicle. Appellant signed a written consent form. During the
search, Officer Jones found a backpack containing white bags with bottles of
hydrocodone that were prescribed to men other than appellant.
Motion to Suppress Evidence
          In his sole issue, appellant argues that the trial court abused its discretion in
denying his suppression motion.
A.      Pertinent Facts
          Appellant filed a pretrial motion to suppress evidence, which read:
COMES NOW JIMMY JACKSON, Defendant in the above
entitled and numbered cause and moves the court to suppress all
evidence seized on March 20, 2007, as a result of the search of the
defendant’s vehicle and search of the defendant’s person . . . and in
support of such motion defendant shows:

I.
 
On March 20, 2007, officers . . . conducted the search of the
defendant’s vehicle, and search of the defendant’s person . . . . As a
result, certain items of evidence were seized which the prosecution
intends to introduce against the defendant at trial. This evidence
includes, but is not limited to:
 
1.A quantity of an alleged controlled substance, to wit:
hydrocodone.
 
2.All statements made and actions done by the defendant, if
any, at the time of and subsequent to his stop by law
enforcement officers.
 
3.All photographs, digital still images, and video-taped
images taken of the physical evidence.
 
4.All testimony of any law enforcement officers as to the
findings of any physical evidence.
 
5.The result of any and all scientific tests or procedures
conducted on any item of physical evidence.
 
6.Any and all other evidence which may have been obtained
by law enforcement officers.

II.
 
This above-described search was unreasonable and illegal in
violation of the Fourth Amendment of the United States Constitution,
Article 1, Section 9 of the Texas Constitution, and Article 38.23 of the
Texas Code of Criminal Procedure because it was not conducted
pursuant to a valid search warrant.

III.
 
The search was not conducted pursuant to a valid search warrant
in that there was no search warrant issued at all and yet the officers still
proceeded to conduct the search. The search and seizure of the
foregoing items were made without probable cause. . . .

(Emphasis added.) Appellant’s suppression motion was not heard until trial, during
the testimony of Officer Jones, the State’s first witness.
          Before appellant’s suppression motion was heard, Officer Jones testified to all
the facts up through and including the moment that appellant drove away after having
dropped the men off at the gas station. At this point, the prosecutor approached the
bench, stating that he would like to “go into detail with [Officer Jones] in his
experience, the narcotics the way these operations work and how the different
members of the [narcotics] operation are established.” Appellant objected on the
ground of relevancy.
          The trial court excused the jury, at which point Officer Jones testified that, in
his experience, what he had observed was a narcotics transaction in which a “crew”
(the passengers in appellant’s van), organized by a “crew leader” (appellant), obtain
prescription drugs under their name in exchange for small amounts of cash or a meal,
with the crew leader’s retaining the prescriptions to sell for profit. The court
overruled appellant’s reasserted relevancy objection, but ordered the evidence limited
to “system and intent.”
          The trial court then asked appellant if he wanted his suppression motion heard. 
Appellant agreed. The following discussion occurred between the parties and the
court:
Prosecutor:Judge, I’m sorry that I’m hesitating. The Motion to
Suppress is a little general. I’m assuming that there is an
issue as to consent—
 
Court:Well, I’m sure he’s saying there wasn’t any warrant; and
there wasn’t any probable cause.
 
Prosecutor:There absolutely was no warrant. I have no problem with
that. I just needed to know if I needed to fast forward to
the issue. 
 
Court:It’s saying they were illegally obtained.
 
Prosecutor:Okay.
 
Appellant:That’s correct, Judge.
 
Prosecutor:Okay.

(Emphasis added.) Officer Jones then testified, outside the jury’s presence, that (1) 
he observed appellant, while making a right turn, “commit[] a traffic infraction by
failing to maintain a single lane of traffic”; (2) he had a uniformed officer pull
appellant over; (3) Officer Jones approached the vehicle and asked for appellant’s
consent to a search of the vehicle; and (4) appellant voluntarily signed a consent-to-search form. 
          The following discussion then occurred:
Court:[to appellant] Your witness.
 
Prosecutor:Did you want to see the consent [form], Your honor?
 
Court:No.
 
Appellant: No questions, Judge.
 
Court:[to Officer Jones] You may step down. [to appellant] Do
you have any evidence that you want to produce?
 
Appellant:Not at this time, Judge.
 
Court:We’re hearing your Motion to Suppress, and if you got
[sic] any evidence you want to present to [sic] it, I’ll listen
to it right now.
 
Appellant:Having no evidence at this time, judge, I—
 
Court:All right. Your Motion to Suppress is overruled.

          The trial court’s written order denying the suppression motion does not state
its basis or bases, and findings of fact and conclusions of law were neither requested
nor entered.
B.      The Law
          “[A] motion to suppress is a specialized objection to the admissibility of
evidence.” Porath v. State, 148 S.W.3d 402, 413 (Tex. App.—Houston [14th Dist.]
2004, no pet.). “Therefore, a motion to suppress must meet all of the requirements
of an objection, that is, it must be timely and sufficiently specific to inform the trial
court of the complaint.” Id.; see Tex. R. App. P. 33.1(a)(1). 
          One of the “generally acknowledged policies of requiring specific objections”
is “to inform the trial judge of the basis of the objection and afford him the
opportunity to rule on it.” Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App.
1977). The other side of the same coin is that “[a]n objection stating one legal theory
may not be used to support a different legal theory on appeal.” Johnson v. State, 263
S.W.3d 287, 289 (Tex. App.—Houston [1st Dist.] 2007, pet. dism’d). “The issue
raised on appeal should comport with the objection made at trial, and the trial judge
should have an opportunity to rule on the issue, otherwise nothing is presented for
appellate review.” Id.
 
 
C.      Application of the Law to the Facts
          On appeal, appellant argues that the trial court abused its discretion in denying
his suppression motion because (1) the initial stop was made without reasonable
suspicion that he had violated Texas Transportation Code section 545.060


 because
his failure to maintain a single lane of traffic was not proved to be unsafe; (2) the stop
was thus illegal; and (3) his consent to search the vehicle was invalid as the fruit of
the poisonous tree. The problem is that appellant did not raise these arguments
below.
          Appellant’s written suppression motion was very general. The most that it
recited was that the search was illegal for having been conducted without a warrant 
and that the search and seizure were made without probable cause. Nowhere did the
motion argue that the consent to search was tainted by an illegal stop. Nowhere did
it mention reasonable suspicion. The only place that the motion mentioned the
vehicle’s stop was in the list of evidence that should be suppressed: “[a]ll statements
made and actions done by the defendant, if any, at the time of and subsequent to his
stop . . . .” But this was simply the description of evidence that appellant wished
suppressed, not a ground for suppression or an argument concerning reasonable
suspicion or whether the written consent was tainted by the stop. The written motion
thus would not have made the trial court aware of any of the arguments that appellant
now raises on appeal.
          The hearing on appellant’s suppression motion did not clarify appellant’s
challenge, either. Appellant said nothing when the prosecutor voiced concern about
the motion’s generality and stated his assumption that consent was the challenged
issue. Nor did appellant say anything when the trial court, apparently reading from
appellant’s motion, expressed that appellant was challenging the lack of a warrant and
probable cause (not reasonable suspicion, the traffic stop, or attenuation of any taint
arising therefrom). The only thing that appellant said before the officer testified was
that the court was “correct” in viewing appellant’s motion as “saying [the challenged
items of evidence] were illegally obtained.” But the statement that evidence was
“illegally obtained” is also very general. 
          Appellant did not cross-examine the officer, and he did not present any
evidence or argument afterwards. The officer did testify to the facts leading up to the
stop; however, he also testified to how appellant’s consent was obtained and whether
it was voluntary, and he had already also testified to his observations that led to his
tailing appellant’s van in the first place (which could be relevant either to probable
cause, a ground that was raised in appellant’s motion, or reasonable suspicion, a
ground that was not). See Saldivar v. State, 209 S.W.3d 275, 281 (Tex. App.—Fort
Worth 2006, no pet.) (considering evidence adduced before and during suppression
hearing when motion was carried to trial). Finally, appellant never asserted, after the
officer’s testimony, that the observed traffic violation was not a violation after all. 
          Neither in his motion nor at the hearing did appellant raise the arguments that
he now makes, and it is simply not clear from the evidence and discussions at the
hearing that the trial court understood appellant’s suppression motion to raise them.


 
See Tex. R. App. P. 33.1(a)(1)(A). Accordingly, we hold that appellant waived his
appellate complaint. 
Punishment
          We have noticed an error in the judgment that we will correct sua sponte. 
Appellant was indicted for possession with intent to deliver at least 400 grams of a
Penalty Group 1 controlled substance, hydrocodone, enhanced by two prior
convictions, the first prior conviction having become final before the second felony
occurred. See Tex. Health & Safety Code Ann. §§ 481.102(3)(A), 481.112(a);
Tex. Penal Code Ann. §§ 12.41(1), 12.42(d). Without enhancement allegations, the
indictment would have charged an offense outside the Penal Code’s felony
classification, with a punishment range of life or 15 to 99 years in prison, plus a fine
not to exceed $250,000. See Tex. Health & Safety Code Ann. § 481.112(a), (f). 
But the State opted to charge appellant as a habitual felony offender. See Tex. Penal
Code Ann. § 12.42. As enhanced under the habitual-felony-offender statute,
appellant’s offense thus carried a punishment range of life or 25 to 99 years in prison,
with no fine. See id. § 12.42(d). 
          The judgment correctly indicates that appellant was punished as a habitual
felony offender. However, it mistakenly recites that the degree of the offense for
which appellant was indicted was a first-degree felony. Because the offense for
which appellant was charged and convicted is outside of the Penal Code’s felony
classification, it is considered a third-degree felony for the purposes of the habitual-felony-offender statute. Tex. Penal Code Ann. § 12.41(1) (“For purposes of this
subchapter, any conviction not obtained from a prosecution under this code shall be
classified as follows: (1) ‘felony of the third degree’ if imprisonment in a penitentiary
is affixed to the offense as a possible punishment . . . .”). We thus modify the
judgment to reflect that the offense was a third-degree felony.
 

Conclusion
          We overrule appellant’s sole issue. We modify the judgment to reflect that
appellant’s offense was a third-degree felony, and we affirm the judgment as so
modified.
 
Tim Taft
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Taft.




Do not publish. See Tex. R. App. P. 47.2(b).