ACCEPTED
06-14-00212-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/22/2015 2:39:28 PM
DEBBIE AUTREY
CLERK

**No. 06-14-00212-CR**

**IN THE COURT OF APPEALS**

**FOR THE**

**SIXTH JUDICIAL DISTRICT OF TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/22/2015 2:39:28 PM
DEBBIE AUTREY
Clerk

**TERRY EUGENE GLENN,**

**Appellant**

**V**

**THE STATE OF TEXAS**

**Appellee**

**APPEALED FROM THE 71st DISTRICT COURT**

**HARRISON COUNTY, TEXAS**

**TRIAL COURT CAUSE #12-0455X**

**BRIEF OF STATE**

COKE SOLOMON
CRIMINAL DISTRICT ATTORNEY
HARRISON COUNTY, TEXAS
P.O. BOX 776
MARSHALL, TEXAS 75671
(903) 935-8408

BY:  SHAWN ERIC CONNALLY
ASSISTANT CRIMINAL DISTRICT ATTORNEY
BAR #24051899
ATTORNEY FOR THE STATE

**APPELLEE DOES NOT REQUEST ORAL ARUGMENT**

i

No. 06-14-00212-CR

TERRY EUGENE GLENN
Appellant

V

THE STATE OF TEXAS
Appellee

_____

**NAMES OF ALL PARTIES AND ATTORNEYS**
_____

The names and identifying information of all parties and attorneys were correctly stated

in Appellant's brief except for one addition:

TRIAL COUNSEL FOR STATE AT SUPPRESSION HEARING
Patricia Colleen Clark
State Bar No. 04293800
Harrison County District Attorney's Office
P.O. Box 776
Marshall, Texas 75670
903-935-8408

# TABLE OF CONTENTS

NAMES OF ALL PARTIES AND ATTORNEYS ........................................................................ ii

INDEX OF AUTHORITIES.......................................................................................... iv-v

PRELIMINARY STATEMENT OF THE NATURE OF THE CASE ........................................... 1

      STATE'S REPLY ISSUE ONE: ……………………………………1

      STATE'S REPLY ISSUE TWO………………………………….1

GENERAL STATEMENT OF THE FACTS.................................................................................2

ARGUMENTS AND AUTHORITIES.........................................................................................3

      SUMMARY OF THE ARGUMENT REPLY ISSUE ONE ..........................................3

          ARGUMENTS AND AUTHORITIES REPLY ISSUE ONE..............................4

      SUMMARY OF THE ARGUMENT REPLY ISSUE TWO……………………………..9

          ARGUMENTS AND AUTHORITIES REPLY ISSUE TWO………………..10

PRAYER.........................................................................................................................11

CERTIFICATE OF SERVICE ..........................................................................................11

**INDEX OF AUTHORITIES**

**CASES:**

*Amador v. State*, 221 S.W.3d 666, 673 (Tex.CrimApp.2007)……………………………………4

*Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex.Crim.App.2007)……………………………………4

*State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App.2008)……………………………..4

*State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App.2007)……………………………………4

*State v. Perez*, 85 S.W.3d 817, 819 (Tex.Crim.App.2007)………………………………………..5

*Walter v. State*, 28 S.W.3d 538, 541 (Tex.Crim.App.2000)………………………………………5

*Keehn v. State*, 279 S.W.3d 330, 334 (Tex.Crim.App.2009)……………………………………...5

*Joseph v. State*, 807 S.W.2d 303, 308 (Tex.Crim.App.1991)……………………………………..5

*Miller v. State*, 686 S.W.2d 725, 728 (Tex.App.-San Antonio 1985, no pet.)……………………5

*Nichols v. State*, 886 S.W.2d 324, 325-26 (Tex.App.-Houston[1st Dist.] 1994, pet, ref'd)……….5

*Goonan v. State*, 334 S.W.3d 357 (Tex.App.-Fort Worth 2011)…………………………………..5

*Small v State*, 977 s.W.2d 771, 774 (Tex.App.-Fort Worth 1998, no pet.)………………………..6

*Hitchcock v. State*, 118 S.W.3d 844, 850-51 (Tex.App.-Texarkana 2003, pet. ref'd)……………7

*McGee v. State*, 105 S.W.3d 609, 613 (Tex.Crim.App.2003)……………………………………..7

*Johnson v. State*, 263 S.W.3d 287, at 289 (Tex.App.-Houston[1st Dist] 2007)…………………...8

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1993)…………………………………..8

*Galitz v. State*, 617 S.W.2d 949, 952 (Tex.Crim.App.1981)……………………………………...8

*Webb v. State*, 899 S.W.2d 814, 818 (Tex.App.-Waco 1995, pet. ref'd)…………………………8

*Morgan v. State*, 1996 WL 223551 (Tex.App.-Dallas 1996, not reported)……………………….9

*Dossett v. State*, 216 S.W.3d 7, 17 (Tex.App.-San Antonio 2006, pet. ref'd)…………....………10

**STATUTES:**

United States Constitution, Fourth Amendment…………………………………………….…..4

United States Constitution, Fifth & Fourteenth Amendments…………………………….…..…..7

Texas Constitution, Article 1 Section 9 & 13…………………………………………....…7-8

Texas Code of Criminal Procedure 1.04, 1.06, 38.23………………………………………..……8

## PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

Appellant's preliminary statement of the case is correct.

## STATE'S REPLY ISSUE ONE

The trial court did not commit reversible error in denying Appellant's motion to suppress because based on the totality of the circumstances of Appellant's impairment and the incriminating nature of the pill bottle in the Appellant's hand, probable cause existed to search the pill bottle. Additionally, the odor of marijuana coming from the Appellant provided probable cause for the search. Furthermore, no evidence was solicited at the suppression hearing that the search was conducted without a warrant, and finally, Appellant's arguments for suppression under the Fifth & Fourteenth Amendments to the United States Constitution, Article 1, Section 9 & 13 of the Texas Constitution, and Texas Code of Criminal Procedure Art.1.04, 1.06, and 38.23 are not preserved for appellate review because Appellant's trial counsel did not object under those grounds at the suppression hearing.

## STATES REPLY ISSUE TWO

The trial court did not commit reversible error in admitting state's trial exhibits #4 and #4A because the beginning and the end of the chain of custody were proven.

## STATEMENT OF THE FACTS

On May 13, 2011, Officer Jason Mobley of the Marshall Police Department responded to a disturbance call at the intersection of Highway 59 and Interstate 20. (RR Vol. 2, p.9) When he arrived he observed a white male and a black male attempting to drag a black male out of the middle of the intersection. (RR Vol. 2, p. 10) The black male was laying in the middle of the street. (RR Vol. 2, p. 10) Officer Mobley was concerned the defendant was potentially a danger to himself and others and was concerned the defendant was impaired. (RR Vol. 2, p. 10) After getting him out of the street, Officer Mobley observed the defendant was stumbling over his words, rambling, and was unsteady on his feet. (RR. Vol. 2, p. 12-13) A pill bottle and drivers license were observed in plain view in the defendant's hand and were taken by Officer Mobley while he was helping the defendant out of the road. (RR Vol. 2, p. 13-14) The name on the pill bottle was not the defendant's name, which gave Officer Mobley concern the defendant was in possession of an illegal substance. (RR Vol. 2, p. 19) When asked why the defendant had a pill bottle with someone else's name on it, the defendant indicated he took a prescription for valium. (RR Vol. 2, p. 15) While talking to the defendant Officer Mobley smelled the odor of burnt marijuana coming from the defendant's clothing. (RR Vol. 2, p. 25) Based on the impairment of the defendant and the incriminating nature of the pill bottle, the bottle was opened and cocaine was found inside. (RR Vol. 2, p. 19) Appellant's brief refers to a conflict in the testimony as to who actually initially opened the pill bottle; however, an examination of state's suppression hearing exhibit #4 (which is also state's trial exhibit #2) at the 5 minute and 15 second mark reveals that the bottle was opened by Officer Mobley who then communicated to Appellant that the contents were clearly not valium, and then gave the pill bottle to Officer Johnson who opened

2

it as well. (State's suppression exhibit #4 and state's trial exhibit #2, time code: 5:15) The contents were verified through a field test as positive for cocaine. (RR Vol 2, p. 22) Soon afterwards, the defendant was placed under arrest for possession of a controlled substance. (RR Vol 2, p. 24)

## ARGUMENTS AND AUTHORITIES

## SUMMARY OF THE ARGUMENT REPLY ISSUE ONE

The trial court did not err in denying Appellant's motion to suppress. Officer Mobley had probable cause to search the pill bottle in Appellant's hand based on the totality of the circumstances. The Appellant's impaired demeanor, combined with the incriminating nature of the pill bottle having another's name on the label provided probable cause to search the pill bottle. Additionally, the smell of marijuana coming from the Appellant immediately provided probable cause to search the Appellant. Furthermore, while Appellant's trial counsel at the suppression hearing argued to the trial court in closing that the search was conducted without a warrant, there was no evidence solicited from any witness that showed the pill bottle was indeed seized without a warrant, therefore the burden never shifted to the state to either produce a warrant or alternatively, to prove the reasonableness of the search. Lastly, Appellant's arguments for suppression under Fifth & Fourteenth Amendments to the United States Constitution, Article 1, Section 9 & 13 of the Texas Constitution and Texas Code of Criminal Procedure Art.1.04, 1.06, and 38.23 are not properly preserved because Appellant's trial counsel did not object under those grounds at the suppression hearing.

3

**ARGUMENTS AND AUTHORITIES REPLY ISSUE ONE**

When reviewing a trial court's ruling on a motion to suppress evidence, a bifurcated standard of review is used. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.CrimApp.2007). "Almost total deference to the trial court's ruling is given on (1) questions of historical fact…., and (2) application-of law-to-fact questions that turn on an evaluation of creditability and demeanor. *Amador* at 673. But when application-of-law-to-fact questions do not turn on the credibility and demeanor of witnesses, we review the trial court's ruling on those questions de novo." *Amador* at 673. "Stated another way when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling." *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex.Crim.App.2007). "When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requests findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings." *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App.2008). "The party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may by drawn from that evidence." *Garcia-Cantu* at 241. "We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling." *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App.2007).

The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures at the hands of Government officials. *Wiede* at 24. There are three categories of interactions between police officers and citizens: (1) encounters, (2)

4

investigative detentions, and (3) arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex.Crim.App.2007). Officer Mobley testified he was performing a "welfare check" of the Appellant after getting him out of the middle of the road and that Appellant was not under arrest or being detained and was in fact free to leave. (RR Vol. 2, p.29)

The pill bottle in this case was in plain view in the Appellant's hand. (RR Vol 2, p. 14) If an item is in plain view, neither its observation not its seizure involves any invasion of privacy. *Walter v. State*, 28 S.W.3d 538, 541 (Tex.Crim.App.2000). First, law enforcement officials must be lawfully where the object can be "plainly viewed" *Keehn v. State*, 279 S.W.3d 330, 334 (Tex.Crim.App.2009). Second, the "incriminating character" of the object in plain view must be "immediately apparent" to the officials. *Keehn* at 334. Third, the officials must have the right to access the object. *Keehn* at 334. The second prong, the immediacy requirement, requires only a showing of probable cause that the item discovered is incriminating evidence; actual knowledge of incriminating evidence is not required. *Joseph v. State*, 807 S.W.2d 303, 308 (Tex.Crim.App.1991). "Probable cause merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief … that certain items may be contraband." *Miller v. State*, 686 S.W.2d 725, 728 (Tex.App.-San Antonio 1985, no pet.). An officer may rely on training and experience to draw inferences and make deductions as to the nature of the item see. *Nichols v. State*, 886 S.W.2d 324, 325-26 (Tex.App.-Houston[1st Dist.] 1994, pet, ref'd).

The facts of this case are directly on point to the facts in *Goonan v. State*, 334 S.W.3d 357 (Tex.App.-Fort Worth 2011), which applied the above standard. In finding the search of the defendant's pill bottle in *Goonan*, the court noted that "the incriminating nature of the contents

5

of the pill bottle was obvious to him because the label was made out to someone other than Goonan" *Goonan* at 361. The state argues the facts in this case are remarkably similar. Officer Mobley testified he was lawfully helping the Appellant out of the middle of the road when he observed the pill bottle in Appellant's hand in plain view, the "incriminating character" of the pill bottle was "immediately apparent" to Officer Mobley because the label was made out to someone other than the Appellant. (RR Vol. 2, p. 15) Which also gave Officer Mobley concern that the Appellant was in possession of potentially an illegal substance (RR. Vol. 2, p. 19), combined with the fact the Appellant had to be physically removed from laying in the middle of the road by two other men and Officer Mobley as well as Appellant's signs of impairment that he "wasn't making a whole lot of sense. He was kind of stumbling over his words, kind of rambling. When I was walking him out of the road to the curb he was kind of unsteady on his feet". (RR. Vol. 2, p. 12-13) Officer Mobley testified on more than one occasion that having a different name on the pill bottle gave him concern that the pill bottle seized may contain contraband. The state argues that the facts available to Officer Mobley would warrant a man of reasonable caution to believe the pill bottle contained contraband and that his search of it was justified and supported by probable cause. While this reason was not given by the trial court when it gave its ruling, it is supported by the record and correct under any theory of law applicable to this case

Additionally, Officer Mobley testified while he was speaking with Appellant, he smelled the odor of burnt marijuana coming from Appellant's clothing. (RR Vol. 2, p 25, 38-39) This alone supported probable cause for a search of the pill bottle in Appellant's hand. The odor of marijuana alone is sufficient to constitute probable cause to search a defendant's person, vehicle, or objects within the vehicle. *Small v State*, 977 s.W.2d 771, 774 (Tex.App.-Fort Worth 1998, no

6

pet.) See also *Hitchcock v. State*, 118 S.W.3d 844, 850-51 (Tex.App.-Texarkana 2003, pet. ref'd). While this reason was not given by the trial court when it gave its ruling, it is supported by the record and correct under any theory of applicable law.

"On a motion to suppress, the accused bears the burden of rebutting the presumption that police conduct was proper." *McGee v. State*, 105 S.W.3d 609, 613 (Tex.Crim.App.2003). The accused satisfies this burden by showing that the search or seizure occurred without a warrant. *McGee* at 613. The burden of proof then shifts to the state to produce the warrant or to prove the reasonableness of the disputed conduct. *McGee* at 613. After examining the record of the motion to suppress hearing, no evidence was presented that this was a warrantless search. Neither party asked: "Was the pill bottle searched pursuant to a warrant?" or "Was this a warrantless search of the defendant's pill bottle?" or "Officer Mobley, did you have a search warrant before opening the pill bottle?". No evidence was presented to the trial court that the search occurred without a search warrant, nor was there a stipulation on the record that it was a warrantless search. While Appellant's trial counsel at the suppression hearing argued to the trial court in closing that the search was conducted without a warrant, there was no evidence that showed the pill bottle was searched without a warrant, therefore the burden never shifted to the state to either produce a warrant or alternatively, to prove the reasonableness of the search. The issue was therefore never preserved for appeal. Should the court find the issue was preserved for appeal, the state argues it is without merit for the arguments already made.

Finally, Appellant argues that this court should suppress the search of the pill bottle based on violations of the Fifth & Fourteenth Amendments to the United States Constitution, Article 1, Section 9 & 13 of the Texas Constitution and Texas Code of Criminal Procedure Art.1.04, 1.06,

7

and 38.23. While these authorities are mentioned in Appellant's written motion to suppress, at the actual suppression hearing the only objection made by Appellant's trial counsel was an objection under the Fourth Amendment to the United States Constitution. To preserve an issue for appeal a party must timely object, stating the specific legal basis. *Johnson v. State*, 263 S.W.3d 287, at 289 (Tex.App.-Houston[1st Dist] 2007). An objection stating one legal theory may not be used to support a different legal theory on appeal. *Id*. "As regards specificity, all a party has to do to avoid forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do so something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1993). "The requirement that an objecting party make a specific objection serves two purposes. First, the trial court must be given an opportunity to correct the error…..Second, particularly in the context of a motion to suppress a specific objection gives the opposing party an opportunity to respond to the objections and provide additional evidence if appropriate." *Galitz v. State*, 617 S.W.2d 949, 952 (Tex.Crim.App.1981). The issue raised on appeal should comport with the objection made at trial, and the trial judge should have an opportunity to rule on the issue, otherwise nothing is presented for appellate review. *Johnson* at 289. Additionally, "shotgun" objections, citing many grounds for the objection without argument, will not preserve points based on authority which is merely mentioned in the trial court. *Webb v. State*, 899 S.W.2d 814, 818 (Tex.App.-Waco 1995, pet. ref'd) (*Johnson* at 290). These arguments were not properly preserved for appeal because Appellant's trial counsel did not object under those grounds at the suppression hearing. The only objection to the search made was under an alleged violation of the Fourth Amendment to the

United States Constitution. The Court of Appeals in Dallas reached a similar conclusion in *Morgan v. State*, 1996 WL 223551 (Tex.App.-Dallas 1996, not reported). The suppression hearing was the proper time for Appellant's trial counsel to let the trial judge know what she wanted, why she wanted it, and why she thought she was entitled to it. Because Appellant's trial counsel never made an *argument* at the suppression hearing for any grounds for suppression other than Appellant's Fourth Amendment claim, the trial judge was never given an opportunity to address the arguments Appellant now makes for the first time on appeal, nor was the state given an opportunity to respond or present additional evidence if necessary. As such, nothing was preserved for appellate review. Appellant's filed written motion was a "shotgun" objection that cited many grounds, however, no argument was given based on those grounds for the trial court to rule on at the suppression hearing.

Appellant's Issue One should be overruled.


### SUMMARY OF THE ARGUMENT REPLY ISSUE TWO

The chain of custody for state's trial exhibits #4 and #4A were properly proven because Officer Mobley testified he took the pill bottle from the Appellant's hand while removing him from the road thereby establishing the beginning of the chain of custody and Officer Scott Beck testified he took the evidence to the Tyler Lab, and retrieved it once the analysis was compete and then brought the substance to court to be admitted as an exhibit and that the substance had not been altered or tampered with in anyway, thereby establishing the end of the chain of custody.

9

## ARGUMENTS AND AUTHORITIES REPLY ISSUE TWO

The state agrees with Appellant that the applicable law is correctly stated in *Dossett v. State*, 216 S.W.3d 7, 17 (Tex.App.-San Antonio 2006, pet. ref'd). Proof of the beginning and end of a chain of custody will support admission of the evidence in the absence of any evidence of tampering or alteration. *Dossett* at 17. Thus, gaps or theoretical breaches in the chain of custody do not affect the admissibility of the evidence, absent affirmative evidence of tampering or commingling. *Id*. The State has no burden to disprove tampering or commingling; rather, the appellant has the burden to present affirmative evidence of tampering or commingling. *Id*. A showing of the *possibility* of tampering or commingling is not sufficient to bar admission of the evidence, and goes only to the weight of the evidence. *Id*. Appellant argues in her brief there is an issue with the amount of drugs seized and therefore there is some evidence of tampering; however, Officer Mobley testified he made a mistake during the book-in of the Appellant and wrote the wrong level of offense and it was merely a clerical error. (R.R. Vol. 4, p. 110) Here, as in *Dossett*, the state's evidence showed the pill bottle was originally seized from Officer Mobley while helping the defendant out of the middle of the road (RR Vol. 4, p. 103) and turned it over to detectives to be taken to the DPS crime lab in Tyler for analysis (RR Vol 4, p. 104), Officer Scott Beck testified he took the evidence to the DPS Crime Lab in Tyler to be tested (RR Vol. 4, p. 71) and Eloisa Esparza from DPS Crime Lab in Tyler testified that she received the evidence from Officer Beck and forensically tested it (RR Vol. 4, p. 75) and the end of the chain of custody was proven when Officer Beck testified he picked up the evidence once the analysis was completed and it was stored in a Marshall Police Department evidence locker until Officer Beck brought it to Appellant's trial. (RR Vol. 4, p. 71) Officer Back also testified the evidence had not

10

been altered or tampered with in any way. (RR Vol. 4, p. 71-72) Appellant's argument boils down the mere possibility of tampering and no affirmative evidence of tampering was offered.

Appellant's Issue Two should be overruled.

## PRAYER

The trial court having committed no reversible error, the state respectfully prays this Court affirm the verdict and judgment of the court below.

Respectfully Submitted
Coke Solomon
Criminal District Attorney
Harrison County, Texas

By:      /s/ Shawn Eric Connally
_____
Shawn Eric Connally
Assistant Criminal District Attorney
Bar #24051899

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of the Appellee has been faxed to the attorney for Appellant, Laura Carpenter, on the 22nd day of May, 2015.

/s/ Shawn Eric Connally
_____
Shawn Eric Connally

## CERTIFICATE OF COMPLIANCE

I hereby certify compliance with T.R.A.P 9.4(i)(3), and that the number of words in this document is 3685.

/s/ Shawn Eric Connally
_____
Shawn Eric Connally