

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00005-CR

———————————————————

TIMOTHY LYN JARRARD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1482908D

---

Before Gabriel and Birdwell, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Dauphinot

**MEMORANDUM OPINION**

Appellant Timothy Lyn Jarrard was charged by indictment with five counts of the first-degree felony offense of aggravated sexual assault of Tiffany Brown, a child under the age of fourteen at the time of each offense alleged.[1] Appellant pleaded not guilty to each count. The State abandoned count four of the indictment, and a jury convicted Appellant of the remaining counts. The trial court assessed punishment at 35-years' confinement in the Institutional Division of the Texas Department of Criminal Justice for each count, and ordered that Appellant serve his sentences concurrently. Appellant was eligible for probation.

Appellant brings two points on appeal, arguing the trial court reversibly erred in denying his motion to suppress a statement he made in 1993 and in failing to give the jury a proper limiting instruction regarding extraneous offenses admitted pursuant to rule 404(b). Because the trial court did not err in denying the motion to suppress or in refusing to give the requested limiting instruction regarding the extraneous offenses, we affirm the trial court's judgment.

Brief Facts

Appellant was a special education student with a significant speech impediment, who did not graduate from high school until 1993 at the age of twenty.

---

[1] *See* Tex. Penal Code § 22.021(a)(1)(B). To preserve the complainant's and the other children's anonymity, we use pseudonyms. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

The record revealed a history of sexual abuse of young, elementary-school-age, female relatives, Tiffany, Taylor, and Cameron. The abuse grew worse and more violent. Eventually, in May 1993, there was a referral to CPS, which reported the abuse to Detective Giardino of the Benbrook Police Department.

Appellant was arrested at high school and taken to the police department to be questioned by the police about a one-and-a-half-year-old sexual offense involving Taylor, not this complainant Tiffany. Appellant wrote out a statement in 1993 when he was still in high school and without advice of counsel. Appellant testified he understood the significance of writing out his statement, but then he explained that he really did not know what was going on. Detective Giardino, who took the statement, testified he had advised Appellant of his rights, but he did not know of his cognitive disabilities. At trial, Appellant moved to suppress the statement Appellant had given to Detective Giardino, and the trial court overruled the motion. He was not prosecuted for the offense involving Tiffany until 2016.

When the Fort Worth Police Department formed a task force to re-examine 1,200 old child abuse cases that "weren't handled right the first time," Detective Pawel Nabialek of the Fort Worth Police Department volunteered for the task force because he "thought it was a shame that we didn't do it right the first time." In October 2016, Detective Nabialek was assigned to Tiffany's case. He looked for Tiffany's forensic interview but could not find it. In late 2016 or early 2017, he

3

interviewed her, investigated the case, and submitted the case to the Tarrant County District Attorney's Office.

Admissibility of Appellant's Statement

In his first point on appeal, Appellant argues the trial court reversibly erred in allowing the admission into evidence of his 1993 written statement to Detective Giardino. He states clearly that the basis of his complaint is the overreaching conduct of the police. Yet during the hearing on the admissibility of the statement, Appellant elicited the following exchange:

> Q: Now, we're not suggesting and you're not suggesting that the detective beat you up or promised you anything in order to get you to give that statement, but you just really didn't comprehend the seriousness of what was going on; is that correct?
>
> A: Yes.

Appellant carefully points out on appeal that "[t]he appellate court should keep in mind that the extraneous offense information was already before the jury. Appellant's objection was simply aimed at the corroborating nature of that evidence by the introduction of Appellant's statement."

Appellant explains that Appellant's mental disabilities should have been given greater weight by the trial court. He argues that the evidence of mental disabilities was sufficient to place into question the voluntariness of the 1993 statement.

We have carefully examined the record. The degree of Appellant's mental disabilities is unclear from the record. In his testimony, Appellant denied his

statement was involuntary. On appeal, Appellant complains, not of the jury's being allowed to consider evidence of the extraneous offense discussed in Appellant's statement, but of the fact that it corroborates the nature of the evidence already before the jury. Applying the appropriate standard of review, we hold the trial court did not err in overruling Appellant's trial objection and admitting his statement into evidence.[2] We overrule Appellant's first point on appeal.

<u>Limiting Instruction</u>

In his second point on appeal, Appellant argues the trial court reversibly erred by failing to include in the jury charge an appropriate limiting instruction regarding use of his extraneous acts of misconduct. At trial, during the charge conference, he asked that the State be ordered to specify the limited purpose for which the extraneous acts had been offered and admitted. He did not request a limiting instruction. The trial court denied Appellant's request and gave a general 404(b)[3] instruction.

---

[2]*See Resendez v. State*, 306 S.W.3d 308, 313–17 (Tex. Crim. App. 2009); *see also Johnson v. State*, 263 S.W.3d 287, 289 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd) ("The issue raised on appeal should comport with the objection made at trial, and the trial judge should have an opportunity to rule on the issue, otherwise nothing is present for appellate review.").

[3]Tex. R. Evid. 404(b).

If a trial court admits evidence for a limited purpose, the court must give the jury a limiting instruction if requested to do so.[4] "A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge."[5] In the case now before this court, Appellant requested no limiting instruction when the evidence was first admitted. Consequently, the evidence was admitted before the jury for all purposes.[6] Nor did he ask for a limiting instruction in the jury charge. He does not argue the jury charge was so defective as to constitute fundamental error.[7]

Considering the record as a whole, and the issues actually raised at trial and in Appellant's brief, we overrule Appellant's second point on appeal.

Sex-Offender Registration

In a single cross-issue, the State argues that the trial court incorrectly failed to order that Appellant submit to lifetime sex-offender registration and that this Court

---

[4]Tex. R. Evid. 105(a).

[5]*Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) (citing *Hammock v. State*, 46 S.W.3d 889, 892–95 (Tex. Crim. App. 2001)).

[6]*See id.*

[7]*Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

should modify the judgment with respect to count two of the indictment to reflect that sex-offender-registration requirements apply.

The State correctly argues Appellant's convictions for aggravated sexual assault of a child are "reportable convictions" for "sexually violent offenses" that require sex-offender registration for life.[8] The judgments in the case now before this court are therefore required to include a statement that the registration requirements apply.[9] The judgment with respect to count two of the indictment incorrectly states that sex-offender-registration requirements do not apply.

As the State points out, an appellate court has the power to modify an incorrect judgment when the record contains the information necessary to do so.[10] We, therefore, sustain the State's cross-issue on appeal and order the judgment on count two be modified to require lifetime sex-offender registration.

Conclusion

Having overruled both of Appellant's points on appeal, and sustained the State's cross-issue, we affirm the trial court's judgments on counts one, three, and five and affirm the trial court's judgment on count two as modified.

---

[8]*See* Tex. Code Crim. Proc. Ann. arts. 62.001(5)(A), (6)(A); 62.051(a); 62.101(a)(1).

[9]*Id.* art. 42.01, § 1(27).

[10]Tex. R. App. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 28, 2019